O’NIELL, C. J.
 

 A lot of ground owned by the plaintiff and defendants in a partition suit was ordered sold, and was sold, at public auction to effect the partition, and was adjudicated to Thomas J. Boyle, who is the plaintiff in'the present suit. B-oyle paid the required deposit of 10 per cent, of the amount of his bid, but, on the advice of counsel, refused to pay the balance of the price unless and until a certain mortgage, recorded against the share of one of the co-owners, Mrs. Alma Vincent Jacobs, in favor of her minor child, should be transferred by an order of court to the proceeds of the sale in the hands of the notary public, so that the mortgage,' appearing on the mortgage certificate, could be canceled. The attorney for Mrs. Jacobs insisted that Boyle should first pay to the notary all of the price which Boyle had bid, and, on Boyle’s refusal so to do, the attorneys for the co-owners of the property had it readvertised for sale a la folie enchere, at Boyle’s risk. Boyle obtained a writ of injunction to prevent the resale of the property, and, after trial, the injunction was made perpetual. The co-owners, defendants in the partition suit, and the auctioneer, have appealed from the decision.
 

 Article 1338 of the Civil Code, as amended by Act 86 of 1896, declares that, in judicial partitions, where the partition is to be made by licitation, the mortgages, liens and privileges on the Share of any one or more of the
 
 *66
 
 co-owners of the property shall be,
 
 by an order of court,
 
 transferred to the proceeds of the sale in the hands of the notary public. Our opinion, therefore, is that the purchaser of the property had the right to insist upon having an order of court transferring the minor’s mortgage to the proceeds of the sale, before paying the proceeds to the notary public. It is true, the mortgage could not have been actuálly canceled from the mortgage records before the proceeds of the sale were paid to the notary public; but the purchaser of the property had the right to be assured, by an order of court, that he could demand a cancellation of the mortgage by paying the price to the notary public. In this case it appears that one of the defendants in the partition suit, the widow, Althea Vincent, had the usufruct of a part of the property, and, in the judgment, ordering the property sold to effect the partition, it was declared: “The partition herein to be without any waiver of or prejudice to the rights of the said widow as the legal usufructuary of the property of the said community.” There was therefore, some doubt in the mind of the attorney for Boyle as to how the minor’s mortgage could be transferred to the proceeds of the sale without prejudice to the usufructuary, and. in our opinion, he was justified in insisting upon having an order of court, before paying the amount of his bid, which would insure a cancellation of the minor’s mortgage on payment of the amount of his bid. Aside from the fact that there was an usufruct on a part of the property previous to the sale, we see no good reason why the defendants in this suit should have insisted upon reselling the property, a la folie enehere, at the risk of Boyle, instead of obtaining an order of court transferring the minor’s mortgage to the proceeds of the sale.
 

 The judgment is affirmed.
 

 THOMPSON, J., takes no part.